SECOND CHIEF STEVEN R. MOSES
[377868] OBCIS - ALASKA
GOOSE CREEK CORRECTIONAL CENTER
22301 WEST ALSOP ROAD
WASILLA, ALASKA [99623]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

SECOND CHIEF STEVEN R. MOSES,
[Plaintiff]

V.

Case No. _____

STATE OF ALASKA GOVERNMENT(S)
(i.e., LEGISLATIVE, EXECUTIVE,
ADMINISTRATIVE, & JUDICIAL) FORMS
[Defendant]

PRISONER'S COMPLAINT UNDER
CIVIL RIGHTS ACT
42 USCS § 1983

USCS Fed Rules Evid R 201 (c)(2)

(1) - ALASKA PRISONERS' RIGHTS GUIDE - ACLU of ALASKA page 44 paragraph 2: "A stronger, more difficult standard applies to racial discrimination or discrimination based on national origin.[288] ([288] Discrimination violates the prison employee code of ethical conduct. DOC Policy # 202.01a, Code of Ethical Professional Conduct. The DOC also states that "freedom from discrimination is a basic right extended to all prisoners." DOC Policy # 808.05, Environmental and Programmatic Rights. Programs, activities, services, or assignments shall not be denied or granted based on discrimination. Id. Discrimination is defined as: exercising a difference in action or process based upon a person's race, religion, color, sex, age or national origin when such behavior may cause that person loss. Id.)

(2) - Jones V. Dep't of Corrections 125 P.3d 343 (AK SUPREME)
(Damages allowed under the Alaska Human Rights Act, which prohibit discriminatory acts by the State, are essentially tort damages thus authorizing the courts to compensate a plaintiff for the injury caused by the defendant's wrongful breach. Accordingly, when a plaintiff proves a violation under the act, actual damages are available for mental anguish.)

(3) - Alaska Constitution Article I, § 3 - Civil Rights: No person shall be denied the enjoyment of any civil or political right because of race, color, creed, sex, or national origin. The legislature shall implement this section.

(continued)

(3) - see <u>State V. Erickson 574 P.2d 1 (ALASKA SUPREME)</u>

(In assessing equal protection claims under the Alaska Constitution, the court initially must look to the purpose of the statute, viewing the legislation as a whole, and the circumstances surrounding it. It must be determined that this purpose is legitimate, that it falls within the police power of the state. Examining the means used to accomplish the legislative objectives and the reason advanced therefore, the court must then determine whether the means chosen substantially further the goals of the <u>enactment</u>. Finally, the state interest in the chosen means must be balanced against the nature of the constitutional right involved.

(i) "enactment" - <u>ALASKA NATIVE CLAIMS SETTLEMENT ACT - 43 USCS § 1601. Congressional findings and declaration of policy (c)</u>: no provision of this Act shall replace or diminish any right, privilege, or obligation of Natives as citizens of the United States or of Alaska, or relieve, replace, or diminsh <u>any obligation of</u> the United States or of <u>the State of Alaska to protect and promote the rights or welfare of Natives as citizens of the United States or of Alaska</u>; . . . . . . . .

(ii) "civil right" -: <u>ALASKA NATIVE CLAIMS SETTLEMENT ACT - 43 USCS § 1602. Definitions - (h)</u>: "<u>Person</u>" means any individual, group, firm, corporation, association, or partnership;

(a) - The STATE OF ALASKA HAS NOT LIVED UP TO IT'S <u>OWN</u> CONSTITUTIONAL PROVISION AND "DEFINITION" IN CONCURRENCE WITH THE (ANCSA) 'DEFINITION' for "<u>PERSON</u>"

(b) - THEREBY MEANING THAT BOTH THE (ALASKA ~~CONSTITUION~~ CONSTITUTION) & (ALASKA NATIVE SETTLEMENT) IS BY DEFAULT "<u>VOIDED</u>" by the STATE'S OWN [<u>NON-COMPLIANCE</u>], AND IS TO DATE (i.e., ABROGATED FOR MERIT)

(c) - THE UNITED STATES AND BUREAU OF INDIAN AFFAIRS HAS HELD ONTO IT'S END OF THE BARGAIN WHEN EXPANDING THE FEDERAL REGISTRY TO INCLUDE AN "UPDATED" <u>ANCSA</u> LIST OF TRIBES ELIGIBLE FOR SERVICES

(d) - THE UNITED STATES AND BUREAU OF INDIAN AFFAIRS WENT A STEP FURTHER AND UPDATED THE REGISTRY IN (FRITLA 1994)

(e) - The US SUPREME COURT lived up to <u>ANCSA</u> in the ruling of: <u>Yellen V. Confederated Tribes of the ~~Chehalis~~ Chechalis Reservation, US SUPREME 141 S. Ct. 2434 on (June 25, 2021)</u>

(continued)

(4) - [Re: Legal status of tribal governments in Alaska - OCTOBER 19, 2017 - The Honorable Bill Walker, Governor - State of Alaska - JAHNA LINDEMUTH TO GOVERNOR BILL WALKER ATTORNEY GENERAL OPINION] This is the 'closest' to STATE RECOGNITION that ALASKA NATIVE TRIBE'S HAVE COME WITH THE STATE OF ALASKA

(5) - By and Through this FEDERAL PETITION to the UNITED STATES DISTRICT COURT FOR THE STATE OF ALASKA. I HEREBY SEEK TO HAVE THE STATE DISBANNED FROM THE UNITED STATES UNION FOR ITS VIOLATION OF THE STATE CONSTITUTION; FOR ITS VIOLATION OF THE ALASKA NATIVE CLAIMS SETTLEMENT ACT; FOR ITS ON-GOING VIOLATION'S AGAINST THE PEACE AND DIGNITY OF THE ABORIGINAL/INDIGENOUS POPULACE OF (229) ALASKA NATIVE TRIBE'S, OF OUR ANCESTRAL LAND(S)

(6) - I SECOND CHIEF STEVEN R. MOSES HEREBY INVOKE 25 USCS § 175: "In all States and Territories where there are reservations or allotted Indians the United States District Attorney [United States Attorney] shall represent them in all suits at law and in equity." -INVOKED ON BEHALF OF "NATIVE CORPORATIONS"-

(7) - Amoco Prod. Co. V. Vill. of Gambell 480 US 531 (US SUPREME) (In construing a statute, the United States Supreme Court is generally required to assume that the legislative purpose is expressed by the ordinary meaning of the words used; when statutory language is plain, and nothing in the statute's structure or realationship to other statutes calls into question this plain meaning, the court will ordinarily give effect to that meaning.)

(*) - Church of Scientology V. United States Dep't of Justice 612 F.2d 417 9th Circuit Court of Appeals - (Where the language of an enactment is clear and construction according to the its terms does not lead to absurd or impracticable consequences the words employed are to be taken as the final expression of the meaning intended.)

(**) - Alaska Constitution Article I, § 1 - Inherent rights: This constitution is dedicated to the principles that all persons have a natural right to life, liberty, the pursuit of happiness, and the enjoyment of the rewards of their own industry; that all persons are equal and entitled to equal rights, opportunitites, and protection under the law; and that all persons have corresponding obligations to the people and to the State.

(continued)

(\*\*) - The STATE OF ALASKA IS ESSENTIALLY IN FLAGRANT VIOLATION
of it's own "ALASKA ~~CONSTITUTIONAL~~ CONSTITUTIONAL PROVISION'S" prior to
the [enactment] of (ANCSA). The STATE OF ALASKA HAS TOUTED it's
<non-compliance> of: constitutional law; statutory law federal or
state; equal protection(s); due process; civil right(s); political
right(s); common law(s); tribal law(s); and otherwise, in the face(s)
of the INDIGENOUS & ABORIGINAL POPULACE, while executing "a slight
of hand" in the presence of the FEDERAL GOVERNMENT. Who by "fact"
has held up the FEDERAL END of ~~the~~ (ANCSA) Compact that binds the
GOVERNMENTS (TRIBAL / FEDERAL / STATE) into "explicit" terms.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

It is incumbent upon the UNITED STATES DISTRICT ATTORNEY to
fulfill it's role as a:(benefactor, trustor, guardian, fiduciary,
fidelity, ward, conservator, curator, protutor, balius, custodes,
custos, defensor, gardein, gardianus, tuteur, protector, custodian)
this role is indispensible from 25 USCS § 175 upon invocation.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

"Si quis custos fraudem pupillo fecerit, a tutela removendus est."
'If any guardian commits a fraud against his ward, he should be
removed from his guardianship.'

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

(\*\*\*) - Reynolds V. Sims 377 US 533 (US SUPREME)
(When a state exercises power wholly within the domain of
state interest, it is insulated from federal judical review, but
such insulation is not carried over when state power is used as an
instrument for circumventing a federally protected right.)
   (i) the FEDERAL GOVERNMENT HAS ALREADY RECOGNIZED THE EXISTENCE
       OF (229) ALASKA NATIVE TRIBES
   (ii) the STATE OF ALASKA HAS "FAILED" TO ACKNOWLEDGE THE SAID
        EXISTENCE OF THE (229) FEDERALLY RECOGNIZED 'TRIBE'S'
   Reaynolds V. Sims (continued)
       (The equal protection clause demands no less than substant-
ially equal state legislative representation for all citizens, of
all places as well as of all races.)
   (I) the STATE OF ALASKA HAS "FAILED" TO MEET THE 'EQUAL PRO-
       TECTION CLAUSE' OF ITS OWN CONSTITUTION
   (II) the STATE OF ALASKA HAS "FAILED" TO MEET THE 'EQUAL PRO-
        TECTION CLAUSE' OF THE FEDERAL CONSTITUTION

(continued)
(***) - <u>Reynolds V. Sims</u> (continued)
(State constitutional provisions should be deemed violative of the Federal Constitution only when validly asserted constitutional rights cannot otherwise be protected and effectuated.)
- (a) STATE RECOGNITION OF (229) ALASKA NATIVE TRIBES HAS BEEN, NOT EFFECTUATED BY THE STATE LEGISLATION
- (b) State/Federal - 'equal protection' provisions have <u>not</u> been protected for (229) ALASKA NATIVE TRIBES by <u>AK Legislation</u>

(®) - <u>Evitts V. Lucey 469 US 387 (US SUPREME)</u>
(The due process clause and the <u>equal protection clause of the Federal Constitution</u> each triggers a distinct inquiry: due process emphasizes fairness between the state and the individual dealing with the state, regardless of how other individuals in the same situatuion may be treated; equal protection, on the other hand, emphasizes disparity in treatment by a state between classes of individuals whose situations are arguably indistinguishable.)
- (A) the (ANCSA) Compact is arguably indistinguishable to the (229) ALASKA NATIVE TRIBAL POPULACE
- (B) the (ANCSA) Compact is arguably indistinguishable to the [Federal/State/Alaska-Native Tribal - GOVERNMENTS]

(®®) - <u>Utah Power & Light Co. V. Pfost 286 US 165 (US SUPREME)</u>
(the rule is well settled that "<u>HN15</u> a litigant can be heard to question the statute's validity only when and in so far as it is being or is about to be applied to his disadvantage." <u>Dahnke-Walker Co. V. Bondurant 257 US 282, 289</u>;)
- (i) the validity of <u>AK Const. art I, § 1</u>, is drawn into question as the State "fails" to recognize (229) Tribes
- (ii) the validity of <u>AK Const. art. I, § 3</u>, is drawn into question as the State "fails" to recognize (229) Tribes

(®®®) - <u>Tennessee V. Lane 541 US 509 (US SUPREME)</u>
(Whatever legislation is appropiate, that is, adopted to carry out the objects the constitutional amendments have in view, whatever tends to enforce submission to the prohibitions they contain, and secure to all persons the enjoyment of perfect equality of civil rights and the equal protection of the laws against state denial or invasion, if not prohibited, is brought with the domain of congressional power.)

(continued)

(®®®) - I, SECOND CHIEF STEVEN R. MOSES holds this UNITED STATES DISTRICT COURT OF ANCHORAGE, ALASKA to the standard of an impartial judicial forum. I hereby seek out a (COURT ORDER) for a "UNITED STATES CONGRESSIONAL INQUIRY" - into the State of Alaska's Legislative "FAILURE" to acknowledge (229) INDIGENOUS TRIBES

(±) - <u>Yick Wo V. Hopkins 118 US 356</u> (US SUPREME)

(The <u>Fourteenth Amendment to the Constitution</u> is not confined to the protection of citizens. <u>US Const. amend. XIV</u> says: Nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. These provisions are universal in their application, to all persons within the territorial jurisdiction, without regard to any differences of race, of color, or of nationality; and the equal protection of the laws is a pledge of the protection of equal laws.)

    (a) AK State Legislation had "denied" the recognition of (229) AK TRIBES [prior] to the (ANCSA) Compact
    (b) AK State Legislation has 'DENIED' the recognition of [229] AK TRIBES (post)-(ANCSA) Compact
    (c) 'equal protection' by Federal/State provisions has been deprived to the (229) ALASKA NATIVE TRIBES

(±±) - <u>Nev. Dep't of Human Res. V. Hibbs 538 US 721</u> (US SUPREME)

(The United States Constitution does not provide for federal jurisdiction over suits against nonconsenting States. Congress may, however, abrogate such immunity in federal court if it makes its intention to abrogate unmistakably clear in the language of the statute and acts pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment.)

    (i) I, hereby seek a District Court ORDER for a UNITED STATES CONGRESSIONAL INQUIRY into the State of ALASKA's "failure" to recognize the Indigenous/Aboriginal (229) TRIBE'S

<u>Nev. Dep't of Human Res. V. Hibbs</u> (continued)

(Congress may, however, abrogate States' sovereign immunity through a valid exercise of its U.S. Const. amend. XIV, § 5 power, for the <u>Eleventh Amendment</u>, and the principle of state sovereignty which it embodies, are necessarily limited by the enforcement provisions of § 5 of the Fourteenth Amendment.)

In closing, I have openly demonstrated that the STATE OF ALASKA HAS "FAILED" to adhere to Constitutional law(s) of both State and Federal provision(s). There is an (on-going) deprivation of this mechanisim 'prior' to the [enactment] of the ALASKA NATIVE CLAIMS CLAIMS SETTLEMENT ACT. This in turn, affects the standing of the State's position. Which thereby invalidate's the ANCSA Compact.

I, SECOND CHIEF STEVEN R. MOSES, diligently seek out a court order for a UNITED STATES CONGRESSIONAL INQUIRY effective immediately upon the date issued. (I have been able to secure a "State of Alaska" document that displays the 'standing' of the State which attempts to deprive "Native Corporations" & "Shareholders" (or) Members) of the 'right to property' disbursed by Corporate Survey, accorded by the enactment of "by-laws" in accordance with incorporation.

"NATIVE CORPORATIONS" itself is a 'broad' term, as I have duly demonstrated by and through this Federal Petition to the United States District Court of Anchorage, Alaska. Due to the ambiguousness of the "NATIVE CORPORATIONS" which span both Alaska NATIVE & American INDIAN spheres collectively - a Congressional Inquiry is needed to dissolve the 'sovereign immunity' of the State of Alaska.

A 'failure' to grant Me/We/Us an order for such inquiry shall leave this SECOND CHIEF with "NO" choice but to move forward with UNITED NATIONS HUMAN RIGHTS CLAIMS - brought forth under the said UNITED STATES MEMEBERSHIP, which possesses NO voting authority.

DATE November 5, 2021   SIGNED Steven Moses Calista

I ATTEST TO THE CONTENTS UNDER THE PENALTIES OF PERJURY
ALL RIGHTS RESERVED SIGNED WITHOUT PREJUDICE OR RECOURSE

* * * WITNESSES HERETO * * *

① DATE 10·5·2021   PRINT David Williams NANA
   OBCIS 243255    SIGN David E Williams

② DATE 11/5/21    PRINT Phillip Phillips JR
   OBCIS 115104   SIGN Phillip Phillips Jr. TKC

③ DATE 11-5-21    PRINT Harry Trenton
   OBCIS 11-5-21  PRINT [signature]

ALL RIGHTS RESERVED WITNESSED WITHOUT PREJUDICE OR RECOURSE
SIGNATURES BEAR THE AUTHOIRTY OF ANCSA SHAREHOLDER OR DESCENDANT