IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SECOND CHIEF STEVEN R. MOSES, on behalf of Orutsararmuit Native Council & (229) AK Tribes & also on behalf of fellow AM Indian Tribesman,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF ALASKA GOVERNMENTS,<br><br>Defendants. | Case No. 3:21-cv-00254-JMK |

## SECOND SCREENING ORDER

On November 15, 2021, Steven R. Moses, a self-represented prisoner (hereinafter "Plaintiff"), filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983, along with a civil cover sheet and Prisoner's Application to Waive Prepayment of the Filing Fee.[1] Subsequently, Plaintiff filed numerous additional documents, most commonly titled with "USCS Fed Rules Evid R. 201(c)(2),"[2] and a motion titled "Request for Representation Through the United States Attorney's Office Under [Title 25 USC § 175]."[3]

---

[1] Dockets 1–3.

[2] Dockets 5, 7, 9–19.

[3] Docket 6.

At Docket 22, the Court screened the Complaint, found it deficient, denied the motion for representation, but granted leave to amend. On February 24, 2022, Plaintiff filed a First Amended Complaint, a civil cover sheet, and a "2nd Request for Representation By and Through the United States Attorney's Office."[4] Subsequently, Plaintiff has submitted additional legal "briefing" under the guise of Rules 201 and 1007 of the Federal Rules of Evidence.[5]

The Court now screens Plaintiff's First Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. The Court shall not consider any of the additional documents filed with the Court, as that is not proper procedure to amend a complaint.[6]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[7]

---

[4] Dockets 23–26.

[5] Dockets 28–30.

[6] *See* Fed. R. Civ. P. 15(a); *see also* Local Civil Rule 15.1.

[7] 28 U.S.C. § 1915A.

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[8] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[9] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[10] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[11]

## DISCUSSION

### I. First Amended Complaint

Plaintiff names Goose Creek Correctional Center, the Alaska Department of Corrections, and the State of Alaska – Government(s) in their official capacities.[12]

---

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[9] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[10] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[11] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[12] Docket 23 at 2.

In Claim 1, Plaintiff alleges that on October 21, 2020, administrators of the Goose Creek Correctional Center posted a memorandum that targeted Native Corporations and cited a policy that prohibits mail that solicits gifts, money, credit or contractual purchases without the approval of the Superintendent or designee.[13] Plaintiff alleges that while the policy does not reference Native Corporations, the October 21, 2020, memorandum is drafted against Native Corporations.[14] Plaintiff alleges that prizes are a form of tribal property that belong to Native Corporations and tribal property may not be deprived without due process.[15]

Additionally, the Court notes that Plaintiff does appear to allege some facts in support of a Claim 1 on page 6. Namely, that (1) Policy 810.03 V.E.F. (the policy named in the Memorandum) is a broad policy of the Department of Corrections; (2) but that has a discriminatory application through the October 21, 2020, Memorandum; and (3) as a shareholder of a Native Corporation he may acquire personal property in the form of a prize.

In Claim 2, Plaintiff alleges that from July 7, 1958 through the present the State of Alaska Government(s) through the "AKDOC Memo" violated the Equal Protection Clause of the Fourteenth Amendment.[16] Plaintiff does not provide

---

[13] Docket 23 at 3.

[14] Docket 23 at 3.

[15] Docket 23 at 3.

[16] Docket 23 at 4.

Case No. 3:21-cv-000254-JMK, Second Chief *Moses v. State of Alaska Governments.*
Second Screening Order
Page 4 of 18

Case 3:21-cv-00254-JMK   Document 31   Filed 06/02/22   Page 4 of 18

factual allegations regarding this claim but does allege generally the State of Alaska has failed to recognize the indigenous people of Alaska.[17]

In Claim 3, Plaintiff alleges that from December 18, 1971, to the present the Alaska State Legislature did not create a positive policy for recognition and violated his civil right to "the [promotion] of NATIVE RIGHTS."[18] Plaintiff does not provide factual allegations regarding this claim, but does allege generally that the Alaska State Legislature has not met its obligations under the Alaska Native Claims Settlement Act or Public Law 280 to promote the rights and welfare of Alaskan Natives and the lack of interstate recognition equates to individual discrimination as displayed by the October 21, 2020 memo.[19]

In support of his claims, Plaintiff includes six pages of "legal briefing"[20] and two copies of the Memorandum at issue—the version previously submitted with typed case citations and commentary and a version with a handwritten attestation from Plaintiff.[21] The Court notes in its prior Screening Order, the Court explicitly instructed Plaintiff to submit this exhibit without writing or commentary; Plaintiff has failed to follow the Court's prior instruction.

---

[17] Docket 23 at 4.

[18] Docket 23 at 5.

[19] Docket 23 at 5

[20] Docket 23 at 6–11.

[21] Docket 23-1.

For relief, Plaintiff requests (1) damages of $10,000,000.00 per tribe; (2) punitive damages of $30 billion dollars; (3) an order to "enact state POLICY in accordance with various tribal rights or (229 AK TRIBES)"; (4) a declaration that "FEDERAL LAW preempts state policy"; and (5) the intrastate recognition of 229 Alaska tribes.[22]

## II. Standing

Article III standing "is the threshold question in every federal case" which determines whether the court has the power to hear a lawsuit.[23] The "irreducible constitutional minimum of standing consists of three elements . . . [t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[24] The requirements of standing maintain these jurisdictional limits by "identify[ing] those disputes which are appropriately resolved through the judicial process[.]"[25] A plaintiff, as the moving party, bears the burden of establishing standing.[26]

---

[22] Docket 23 at 14.

[23] *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

[24] *Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2013) (internal punctuation omitted) (citing *Lujan v. Def's of Wildlife*, 504 U.S. 555, 560 (1992) and *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

[25] *Munns v. Kerry*, 782 F.3d 402, 409 (9th Cir. 2015).

[26] *Id.*

Standing requires that a plaintiff demonstrate an injury. Injuries to common law, constitutional, or statutory rights are sufficient to meet the injury requirement of standing. "A federal court's jurisdiction . . . can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action[.]'"[27] "An injury sufficient to satisfy Article III must be 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[28]

An alleged injury must be traceable to the defendant in order to meet standing requirements. Often referred to as causation, a plaintiff must show how the defendant's action, or lack thereof, caused his injury of common law, constitutional, or statutory rights.[29] Lastly, a plaintiff must demonstrate redressability. Redressability is the concept that a favorable judicial decision would remedy the plaintiff's injury.[30]

As explained in the next section of this Order, Plaintiff has not pleaded sufficient facts to demonstrate an injury traceable to a defendant eligible for suit. Furthermore, Plaintiff may only bring suit for his own injuries. Plaintiff's allegations of discrimination must be "concrete and particularized," not conjectural or hypothetical. Therefore, as to Claim 1, Plaintiff could have standing, if he alleged

---

[27] *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (citing *Linda R. S. v. Richard D.*, 410 U.S. 614, 617 (1973)).

[28] *Munns*, 782 F.3d at 409 (quoting *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341, (2014)).

[29] *See Allen v. Wright*, 468 U.S. 737, 751 (1984).

[30] *See, e.g., United States v. Hays*, 515 U.S. 737, 743 (1995).

sufficient, plausible factual details—that if proven true would demonstrate—that specific administrators of Goose Creek Correctional Center applied Policy 810.03 in a discriminatory manner, which caused him an actual, particular injury. However as to Claims 2 and 3, Plaintiff's broad systemic allegations lack the fundamental functions of standing: particularized injury, causation, and redressability.[31] As plead, Plaintiff lacks standing, because he has not plead sufficient plausible factual details to demonstrate a traceable injury.

III. **Failure to State a Claim**

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him.

As a threshold matter, Plaintiff fails to plead sufficient facts to plausibly allege a claim. As plead, Plaintiff alleges that a Memorandum applied Policy 810.03 in a discriminatory manner to Native Corporations and to him as a shareholder. Plaintiff provides the Memorandum as an exhibit. However, Plaintiff does not provide factual details that would be required to fulfill basic Rule 8

---

[31] *See Cole v. Oravec*, 700 Fed. Appx. 602, 605 (9th Cir. 2017) (affirming the dismissal of Native American plaintiffs' broad substantive due process and treaty-based claims alleging stigma and denial of basic safety for lack of standing).

pleading. For example, that (1) he was asked to take a survey by his applicable Native Corporation; (2) he won a prize, but could not receive it; or (3) other non-Native inmates take surveys and receive prizes, etc. In order for Plaintiff to sufficiently plead facts to demonstrate a plausible claim, Plaintiff needs to describe how he was harmed by a defendant's actions. Plaintiff need not include legal reasoning or briefing. Plaintiff merely needs to explain when, where, and who took an action that harmed him. Accordingly, as a threshold matter, Plaintiff has not met the basic Rule 8 pleading requirements to state a claim upon which relief may granted.

## IV. Civil Rights Claims Under 42 U.S.C. § 1983

42 U.S.C. § 1983 permits an individual to sue for a violation of constitutional or civil rights in federal court. 42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[32] To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal Constitution or federal statutes."[33]

---

[32] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[33] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

### a. 42 U.S.C. § 1983 requires a defendant to be a state actor

42 U.S.C. § 1983 requires that a defendant must be "acting under the color of state law."[34] A defendant has acted under color of state law where he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[35]

States or state agencies are not persons under 42 U.S.C. § 1983. States have sovereign immunity due to the Eleventh Amendment of the U.S. Constitution, which makes them immune from suit unless that immunity is waived.[36] "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not 'persons' under [Section] 1983."[37] Plaintiff cannot sue the State of Alaska or any of its governmental branches, agencies, divisions, offices, or departments. Therefore, Goose Creek Correctional Center, Alaska Department of Corrections, and the State of Alaska – Government(s) are not proper defendants. In order to properly plead a § 1983 claim, Plaintiff must name a person or entity that is considered a person under § 1983.

---

[34] *West v. Atkins*, 487 U.S. 42, 49 (1988).

[35] *West*, 487 U.S. at 49 (internal citations omitted); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).

[36] *In re New York*, 256 U.S. 490, 497 (1921) (holding federal courts may not hear suits against a state brought by their own citizens, "because of the fundamental rule of which the [Eleventh] Amendment is but an exemplification."); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

[37] *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)).

### b. A state actor must violate a pre-existing federal constitutional or statutory right

42 U.S.C. § 1983 does not confer federal constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[38] Constitutional rights are those conferred by the U.S. Constitution to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.[39] Section 1983 does not provide a mechanism for remedying alleged violations of state law.[40]

#### i. Fourteenth Amendment, Equal Protection

The Equal Protection Clause of the Fourteenth Amendment protects prisoners from discrimination based on race.[41] In order to state a claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of prisoners which included plaintiff, and that such conduct did not relate to a legitimate penological purpose.[42] Plainly, Plaintiff must allege

---

[38] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[39] *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027–28 (9th Cir. 1999).

[40] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[41] *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

[42] *See Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000); *Barren v.*

(1) the alleged policy or regulation, even if facially neutral, resulted in a discrimination; (2) that defendant acted with intent, at least in part, to discriminate against plaintiff, or a group of similarly situated prisoners that includes plaintiff, and (3) that the policy or regulation does not relate to a legitimate penological purpose.[43] However, Ninth Circuit precedent dictates that an official's "[m]ere indifference"[44] to the "unequal effects on a particular class does not establish discriminatory intent."[45]

### ii. Fourteenth Amendment, Property Interest

The Due Process Fourteenth Amendment protects individuals, including prisoners, from state deprivations of property. Though a prisoner retains rights under the Due Process Clause, a prisoner's property rights are subject to vast restrictions due to the nature of being incarcerated.[46] In order to have a "property interest in a benefit, a person clearly must have more than an abstract need or desire for it."[47] Further, the Constitution does not confer property interests, rather they are created by an independent source, such as state law, that "that secure

---

*Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Federal Deposit Ins. Corp. v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991); *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985).

[43] *Id.*; *see also Cole v. Oravec*, 700 Fed. Appx. 602, 605–06 (9th Cir. 2017) (holding plaintiffs sufficiently plead equal protection claim under theory of disproportionate impact).

[44] *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

[45] *Smith v. Cruzen*, No. 14-CV-04791 LHK (PR), 2017 WL 4865565, at *14 (N.D. Cal. Oct. 26, 2017), *aff'd*, 735 F. App'x 434 (9th Cir. 2018) (relying on *Thornton*, 425 F.3d at 1167).

[46] *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

[47] *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

certain benefits and support the entitlement to those benefits."[48]  In order to allege a Fourteenth Amendment Due Process claim for a property interest, Plaintiff must allege sufficient plausible facts that, if proven true, would demonstrate (1) a protected benefit that he is entitled to; and (2) interference of a deprivation of that benefit.

As pled, Claim 1 Plaintiff does not establish a viable constitutional claim under 42 U.S.C. § 1983.  Plaintiff would need to plead sufficient plausible facts to meet the elements of an equal protection or due process claim under the Fourteenth Amendment.  Claims 2 and 3 do not allege federally protected constitutional or civil rights, but rather systemic grievances best addressed through the legislative and political processes, such as letter writing to representatives.

### c. A state actor must cause a violation of rights

In a Section 1983 action, a defendant, who is a state actor eligible for suit, may be sued in either an individual or an official capacity.

#### i. Individual Capacity

In order for a defendant to be individually liable under Section 1983, that defendant must personally participate in an alleged rights deprivation.[49]  "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury."[50]  A defendant sued in her individual

---

[48] *Id.*

[49] *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010).

[50] *Harper v. City of Los Angeles,* 533 F.3d 1010, 1026 (9th Cir. 2008).

capacity may be held liable for money damages.[51] In order for Plaintiff to sue defendants in an individual capacity, then as to each defendant, he must allege facts that if proven would demonstrate that the named defendant (1) personally participated in depriving Plaintiff of his rights and (2) that defendant's actions caused Plaintiff's injury.

      ii.    <u>Official Capacity</u>

In a Section 1983 action, a plaintiff may sue a defendant in an official capacity as an alternate way of pleading a claim against the governmental entity for which that individual is an officer or employee.[52] A plaintiff suing a defendant in her official capacity is not required to allege the "named official's personal involvement in the acts or omissions constituting the alleged constitutional violation."[53] Instead, a plaintiff must only (1) "identify the law or policy challenged" and (2) "name the official within the entity who can appropriately respond to injunctive relief."[54] However, a defendant sued in her official capacity may not be sued for damages, only for injunctive relief.[55] In order for Plaintiff to sue a defendant in her official capacity, he must (1) identify the policy he challenges and

---

[51] See *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).

[52] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Hafer v. Melo*, 502 U.S. 21, 27 (1991).

[53] *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013).

[54] *Id.*

[55] See *Will v. Mich. Dep't. of State Police*, 491 U.S. 64, 71 n.10.

(2) demonstrate that that particular defendant is able to respond to the injunctive relief he requests.

In any further amended complaint filed by Plaintiff, Plaintiff will need to identify whether each defendant is sued in their individual or official capacity.

## CONCLUSION

Plaintiff fails to plead sufficient plausible facts to meet the requirements of standing, Rule 8 of Federal Civil Procedure, or a civil rights action under 42 U.S.C. § 1983. The Court grants leave to amend his complaint, as to the allegations made in Claim 1 in accord with the guidance provided above.

**IT IS THEREFORE ORDERED:**

1. The Complaint at Docket 23 is dismissed for failing to state a claim upon which relief may be granted. The Court grants leave to amend Claim 1. Claims 2 and 3 are dismissed for lack of standing.

2. The "Plaintiff's 2nd Request for Representation By and Through the United States Attorney's Office at Docket 26 is **DENIED**. The Court already ruled on this issue in its original Screening Order at Docket 23. As previously explained, 25 U.S.C. § 175 does not create a mandatory duty for the United States Attorney to represent Alaskan Native individuals or tribal entities in any or all lawsuits.[56] Rather, 25 U.S.C. § 175 creates a discretionary function for the United States to serve as a guardian and trustee for tribal

---

[56] *Siniscal v. United States,* 208 F.2d 406, 410 (9th Cir. 1953).

interests in certain instances.[57] Further, legislative history indicates that 25 U.S.C. § 175 may only apply to disputes related to public lands.[58] Accordingly, the Court neither has the power to compel the United States Attorney to accept this case, nor does legal precedent support that the United States Attorney apply such discretion to a prisoner civil rights action.

3. Plaintiff has until **July 5, 2022**, to file one of the following:

   a. <u>Amended Complaint</u>, in which Plaintiff would resubmit his claims to the Court after correcting the deficiencies in accordance with this order. An amended complaint would replace the current complaint in its entirety.[59] Plaintiff need not supply legal research, only the facts that he alleges in support of an amended complaint. Any exhibits should be submitted without alteration by Plaintiff.

   b. <u>Notice of Voluntary Dismissal</u>, which would inform the Court that Plaintiff no longer wishes to pursue his lawsuit and would dismiss the entire action.

4. Any amended complaint should be on this Court's form, which is being provided to Plaintiff with this Order. As discussed above, an amended

---

[57] *Salt River Pima-Maricopa Indian Cmty. v. Arizona Sand & Rock Co.*, 353 F. Supp. 1098, 1100 (D. Ariz. 1972).

[58] *United States v. Gila River Pima-Maricopa Indian Cmty.*, 391 F.2d 53, 56 (9th Cir. 1968).

[59] *See* Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

complaint will replace the prior complaint in its entirety.[60] Plaintiff must include all of the claims he seeks to bring in an amended complaint. Any claims not included in the amended complaint will be considered waived. Plaintiff should ONLY file an amended complaint. Filings not in the form of an amended complaint or procedurally appropriate, meritorious motions will not be considered.

5. If Plaintiff does not file either a Second Amended Complaint or Notice of Voluntary Dismissal on the Court form by **July 5, 2022,** this case will be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B). This dismissal will count as a "strike" against Plaintiff under § 1915(g).[61]

6. At all times and as previously done, Plaintiff must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

---

[60] *See* Local Civil Rule 15.1.

[61] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Case No. 3:21-cv-000254-JMK, Second Chief *Moses v. State of Alaska Governments.*
Second Screening Order
Page 17 of 18

Case 3:21-cv-00254-JMK   Document 31   Filed 06/02/22   Page 17 of 18

7. The Clerk of Court is directed to send Plaintiff the following forms with this Order: (1) form PS01, with "SECOND AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED this 2nd day of June, 2022, at Anchorage, Alaska.

*/s/Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE