# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SECOND CHIEF STEVEN R. MOSES, on behalf of Orutsararmuit Native Council & (229) AK Tribes & also on behalf of fellow AM Indian Tribesman,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF ALASKA GOVERNMENTS,<br><br>Defendants. | Case No. 3:21-cv-00254-JMK |

## ORDER OF DISMISSAL AND NOTICE OF THIRD STRIKE

**I.      Background**

On November 15, 2021, Steven R. Moses, a self-represented prisoner ("Plaintiff") filed a Prisoner's Complaint ("Complaint") under the Civil Rights Act, 42 U.S.C. § 1983; a civil cover sheet; and a Prisoner's Application to Waive Payment of the Filing Fee.[1]  Subsequently, Plaintiff filed numerous additional documents, most commonly titled with "USCS Fed Rules Evid R 201(c)(2),"[2] and a motion titled "Request for Representation Through the United States Attorney's Office Under [Title 25 USC § 175]."[3]

---

[1] Dockets 1–3.

[2] Dockets 5, 7, 9–21.

[3] Docket 6.

At Docket 22, the Court screened the Complaint, found it deficient, denied the motion for representation, but granted leave to amend. On February 24, 2022, Plaintiff filed a First Amended Complaint, a civil cover sheet, and a "2nd Request for Representation by and Through the United States Attorney's Office."[4] Subsequently, Plaintiff has submitted additional legal "briefing" under the guise of Rules 201 and 1007 of the Federal Rules of Evidence.[5]

At Docket 31, the Court screened Plaintiff's First Amended Complaint, found it deficient, denied the second motion for representation, but granted leave to amend Claim 1. The Court dismissed Claims 2 and 3 for lack of standing. In the Second Screening Order, Plaintiff was cautioned that if he "does not file either a Second Amended Complaint or Notice of Voluntary Dismissal on the Court form by **July 5, 2022,** this case will be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B). This dismissal will count as a "strike" against Plaintiff [.]"[6]

As of the date of this Order, Plaintiff has shown he either is unwilling or unable to comply with Court orders by failing to timely file responsive documents, contact the Court, or otherwise cooperate in prosecuting this action.

---

[4] Dockets 23–26.

[5] Dockets 28–30.

[6] Docket 31 at 17 (citing 28 U.S.C. § 1915(g) prohibiting a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury.").

Case No. 3:21-cv-00254-JMK, *Moses v. State of Alaska Governments*
Notice of Dismissal & Notice of Third Strike
Page 2 of 6

Case 3:21-cv-00254-JMK   Document 32   Filed 08/31/22   Page 2 of 6

## II. Discussion

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five (5) factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[7]

Here, the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Plaintiff's failure to file a Second Amended Complaint or Notice of Voluntary Dismissal within the specified timeline suggests Plaintiff does not intend to litigate this action diligently.[8] Further, a presumption of prejudice to a defendant arises when the plaintiff unreasonably delays prosecution of an action.[9] Because Plaintiff

---

[7] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

[8] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward . . . disposition at a reasonable pace, and to refrain from dilatory and evasive tactics").

[9] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Case No. 3:21-cv-00254-JMK, *Moses v. State of Alaska Governments*
Notice of Dismissal & Notice of Third Strike
Page 3 of 6

Case 3:21-cv-00254-JMK   Document 32   Filed 08/31/22   Page 3 of 6

has not offered any justifiable reason for failing to meet the Court's deadline, the third factor also favors dismissal.[10]

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.[11]  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction,"[12] which is the case here.  Thus, although this factor typically weighs against dismissal, it does not overcome Plaintiff's failure to amend his complaint.

The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the [uncooperative] party about the possibility of case-dispositive sanctions."[13]  The Court's Second Screening Order provided Plaintiff guidance on relevant law, and an opportunity to file a Second Amended Complaint.

The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation.  Thus, this case must be dismissed.  However, while Plaintiff was expressly warned that this case would

---

[10] *See, e.g., Hernandez v. City of El Monte,* 138 F.3d 393, 401 (9th Cir.1998) (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).

[11] *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

[12] *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citing *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).

[13] *Conn. Gen. Life Ins.*, 482 F.3d at 1096 (internal citation omitted).

Case No. 3:21-cv-00254-JMK, *Moses v. State of Alaska Governments*
Notice of Dismissal & Notice of Third Strike
Page 4 of 6

Case 3:21-cv-00254-JMK   Document 32   Filed 08/31/22   Page 4 of 6

be dismissed with prejudice,[14] a less drastic alternative is dismissal without prejudice. Dismissal without prejudice "minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief."[15] The Court finds no other lesser sanction to be satisfactory or effective in this case.[16] Therefore, this case is dismissed, without prejudice, for failure to prosecute this action.

This dismissal will count as a "strike" against Plaintiff under § 1915(g).[17] Plaintiff already has two strikes from prior dismissed lawsuits.[18] Because this dismissal is Plaintiff's third strike,[19] he will be unable to file lawsuits under *in forma pauperis* status, unless he demonstrates "imminent danger of serious physical injury."[20]

---

[14] Docket 31 at 17.

[15] *Alli v. City and County of San Francisco*, 2022 WL 3099222 (N.D. Cal. 2022) (internal citations omitted).

[16] *See, e.g., Henderson*, 779 F.2d at 1424 (a district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives) (internal citation omitted); *Adriana International Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir.1990) (explaining despite all the elaboration of factors, it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning); *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).

[17] Docket 17 at 15.

[18] *Moses v. Nesbett Courthouse et. al.*, Case No. 3:21-cv-00226-JMK, and *Moses v. Goose Creek Corr. Center et al,* Case No. 3:22-cv-00054-JMK.

[19] *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721 (2020) (holding that regardless of whether the dismissal is with prejudice or without prejudice, the dismissal of a prisoner's civil lawsuit, for failure to state a claim, counts as a strike under the PLRA's three-strikes rule for IFP status).

[20] *Andrews v. Caervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007).

Case No. 3:21-cv-00254-JMK, *Moses v. State of Alaska Governments*
Notice of Dismissal & Notice of Third Strike
Page 5 of 6

Case 3:21-cv-00254-JMK   Document 32   Filed 08/31/22   Page 5 of 6

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED WITHOUT PREJUDICE**.

2. All pending motions are **DENIED AS MOOT.**

3. This dismissal is Plaintiff's third strike under 28 U.S.C. § 1915(g). In order to file future lawsuits in federal court, Mr. Moses must either pay the filing fee, or demonstrate that he is in imminent danger of serious physical injury with any request to waive prepayment of the filing fee.

4. The Clerk of Court shall issue a final judgement.

IT IS SO ORDERED this 30th day of August, 2022, at Anchorage, Alaska.

　　　　　　　　　　　　　　　　　　　　　*/s/ Joshua M. Kindred*
　　　　　　　　　　　　　　　　　　　　　JOSHUA M. KINDRED
　　　　　　　　　　　　　　　　　　　　　United States District Judge

Case No. 3:21-cv-00254-JMK, *Moses v. State of Alaska Governments*
Notice of Dismissal & Notice of Third Strike
Page 6 of 6

Case 3:21-cv-00254-JMK   Document 32   Filed 08/31/22   Page 6 of 6